**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FELTON L. MATTHEWS, JR.,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.,*

Defendants.

3:16-cv-00077-MMD-VPC

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF U.S. MAGISTRATE JUDGE**</u>

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is a motion to dismiss (ECF No. 15) filed by defendants the United States of America, the U.S. Department of Justice ("DOJ"), and the Federal Bureau of Investigation ("FBI") (collectively, "the Federal Government").  Plaintiff opposed (ECF no. 18), and the Federal Government replied (ECF No. 19).  Having reviewed the arguments set forth, the court recommends that the motion be granted.

### I.  FACTUAL AND PROCEDURAL HISTORY

Felton L. Matthews, Jr. ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), currently housed at Ely State Prison ("ESP") in Ely, Nevada.  On December 1, 2015, plaintiff filed a complaint in the Eleventh Judicial District Court for Pershing County, Nevada, against various state and federal actors.  (*See* ECF No. 2-1.)  Among other claims, plaintiff contends that the Federal Government is liable under the Federal Tort Claims Act ("FTCA") for its negligence in failing to prevent state actors from tampering with plaintiff's mail and committing other civil rights violations.  (*Id.* at 4–5, 11–12.)

The Federal Government removed the action to federal court on February 16, 2016.  (ECF No. 2.)  Soon thereafter, plaintiff filed a motion for a preliminary injunction (ECF No. 4) and a

motion to add DOJ and the FBI as involuntary plaintiffs (ECF No. 6).  On April 18, 2016, the Federal Government moved to dismiss plaintiff's FTCA claims for a lack of subject matter jurisdiction and for failure to state a claim, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6) (ECF No. 15).  This court held a status conference on May 24, 2016 to discuss that motion and others, as well as how the case would proceed.  (ECF Nos. 22, 23).  The court thereby denied plaintiff's motion to add parties as involuntary plaintiffs, advised plaintiff it was aware of the remaining pending motions, and stayed the filing of a responsive pleading by defendant Megan McClellan.  (ECF No. 23.)  This report and recommendation follows, addressing the Federal Government's motion to dismiss.

## II.   LEGAL STANDARDS

### A.   12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b) identifies several bases for dismissal of a plaintiff's complaint.  Rule 12(b)(1) allows a party to challenge the court's jurisdiction over the subject matter of the complaint.  "It is a fundamental precept that federal courts are courts of limited jurisdiction," and their jurisdictional limits "must neither be disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Gen. Atomic Co. v. United Nuclear Group*, 655 F.2d 968–69 (9th Cir. 1981).  Accordingly, a plaintiff faced with a 12(b)(1) motion bears the burden of proving the "actual existence" of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

An attack on subject matter jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  By contrast, a facial attack "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* (quoting *Safe Air for Everyone*, 373 F.3d at 1039).  The district court resolves a

1  facial motion by "[a]ccepting the plaintiff's [factual] allegations as true and drawing all

2  reasonable inferences in the plaintiff's favor . . . ." *Id.*

3  **B.    12(b)(6) Motion to Dismiss for Failure to State a Claim**

4         "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250

5  F.3d 729, 732 (9th Cir. 2001). Under the pleading requirements set forth in Rule 8, a complaint

6  must provide a short and plain statement showing that the pleader is entitled to relief. Fed. R.

7  Civ. P. 8(a)(2). While detailed factual allegations are not necessary, the complaint must offer

8  more than "a formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v.*

9  *Twombly*, 550 U.S. 544, 555 (2007), and include sufficient facts "to give fair notice and to enable

10 the opposing party to defend itself effectively," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.

11 2011). Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to "state a claim

12 for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As with a Rule 12(b)(1) facial

13 attack on jurisdiction, courts deciding a 12(b)(6) motion will accept as true all well-pled factual

14 allegations, set aside legal conclusions, and verify that the factual allegations state a plausible

15 claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679. The complaint is construed in a light most

16 favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956

17 (9th Cir. 2013). Further, courts takes particular care when reviewing the pleadings of a *pro se*

18 party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v.*

19 *Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010).

20                                    **III.    DISCUSSION**

21 **A.    The Court lacks subject matter jurisdiction over plaintiff's claim**.

22        The Federal Government brings a facial Rule 12(b)(1) challenge, citing two bases for

23 dismissal: plaintiff's failure to exhaust administrative remedies as required under the FTCA, and

24 the absence of an alternative waiver of sovereign immunity. (ECF No. 15 at 2–3.)

25        The FTCA provides a limited waiver of sovereign immunity for injuries caused by the

26 negligent or wrongful acts of the United States, its agents, and its employees in circumstances

27 where a private individual would be held liable under state law. 28 U.S.C. §§ 1346(b), 2674. It is

28

1    the exclusive remedy for plaintiffs seeking damages for allegedly tortious conduct by the United

2    States, and the United States is the only proper defendant.  *Id.* §2679(b)(1); *FDIC v. Craft*, 157

3    F.3d 697, 706 (9th Cir. 1998).  Although a claim may arise from an act by an individual federal

4    agency, "an agency itself cannot be sued under the FTCA."  *Craft*, 157 F.3d at 706.  Therefore,

5    the court lacks jurisdiction to hear plaintiff's claim as asserted against DOJ or the FBI.

6           Subject matter is likewise absent with respect to plaintiff's claim against the United

7    States.  The FTCA includes an administrative exhaustion requirement, under which a prospective

8    plaintiff must present a claim to the appropriate federal agency and have that claim be finally

9    denied before he or she can institute an action against the United States.  28 U.S.C. § 2675(a).

10   The claim must be presented to the agency within two years of the date it accrues.  *Id.* § 2401(b);

11   *Staple v. United States*, 740 F.2d 766, 768 (9th Cir. 1984).  A premature filing in federal court

12   cannot proceed even if exhaustion is complete before litigation has substantially progressed.

13   *McNeil v. United States*, 508 U.S. 106, 112–13 (1993).

14          Here, plaintiff does not allege to have presented an administrative claim to the appropriate

15   federal agency, or that his claim was denied.  Instead, he requests that this court waive the

16   exhaustion requirement, arguing "[t]he legal mail tampering is so prolific that even if I did legally

17   file a claim it would not have reached [its destination]."  (ECF No. 18 at 2.)  Plaintiff cites no

18   authority to support his proposition, nor could he.  The requirement that an administrative claim

19   be filed "is jurisdictional in nature and may not be waived," *Burns v. United States*, 764 F.2d 722,

20   724 (9th Cir. 1985), even where the plaintiff is *pro se*, *McNeil*, 508 U.S. at 113.

21          To the extent that plaintiff seeks to defeat sovereign immunity through some other source,

22   his efforts fail.  "It is elementary that the United States, as sovereign, is immune from suit save as

23   it consents to be sued . . . ."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal

24   quotation omitted).  This immunity extends to federal agencies and to federal employees acting

25   within their official capacities.  *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997).  A waiver of

26   federal sovereign immunity is strictly construed in the United States' favor, and must be

27   "unequivocally expressed in the statutory text."  *United States v. Idaho*, 508 U.S. 1, 6–7 (1993)

28

4

1   (internal quotation omitted).   Where such a waiver is missing, dismissal is mandatory.

2   *Hutchinson v. United States,* 677 F.2d 1322, 1327 (9th Cir. 1982).

3          Apart from the FTCA, plaintiff appears to rely on "18 U.S.C.A. § 1601 to 1800," and

4   *Bergman v. United States*, 565 F. Supp. 1353 (W.D. Mich. 1983), as authorizing a negligence

5   claim against the United States.  (ECF No. 18 at 2, 5.)  With regard to the above-cited provisions

6   of the United States Code, plaintiff refers the court to several chapters, including those bearing

7   the titles of "Piracy and Privateering," 18 U.S.C. §§ 1651–61, "Presidential and Presidential Staff

8   Assassination," 18 U.S.C. §§ 1751–52, and "Prison-made Goods," 18 U.S.C. §§ 1761–62.  The

9   court declines the invitation to canvass these chapters, or the even those provisions pertaining to

10  the postal service, 18 U.S.C §§ 1691–1738, in search of a basis for jurisdiction.  Because it is

11  plaintiff's burden to show the United States waived sovereign immunity, he is obligated to

12  identify the underlying statutory provision containing that waiver.  *See Baker v. United States*,

13  817 F.2d 560, 562 (9th Cir. 1987).  Further, *Bergman* does little to aid plaintiff's plight.  As the

14  Federal Government notes, the case is not binding on this court, and there is little similarity

15  between its facts and those presently at hand.  (ECF No. 19 at 3 n.1.)  Moreover, while the

16  *Bergman* plaintiffs were indeed permitted to proceed on a negligence claim against the United

17  States, they did so under the FTCA—presumably after presenting an administrative claim to the

18  appropriate federal agency, as exhaustion does not appear to have been at issue.  *See Bergman*,

19  565 F. Supp. at 1393–95.  As discussed above, plaintiff has yet to clear that jurisdictional hurdle.

20  **B.      Plaintiff fails to state a claim upon which relief may be granted.**

21          In the alternative, the Federal Government maintains that the complaint fails to state a

22  claim for relief.  Plaintiff does not address the argument directly, but instead contends that

23  unresolved issues of fact remain, and that on public policy grounds he should be permitted to at

24  least proceed against the state defendants and in an effort to overturn the Prison Litigation Reform

25  Act.  (ECF No. 18 at 3–5.)  Neither argument is sufficient to defeat the Federal Government's

26  motion.

27

28

5

Unresolved issues of fact are immaterial at this stage in the proceedings; the Federal Government has argued that plaintiff is not entitled to relief *as a matter of law*.  On a Rule 12(b)(6) motion, the court assumes plaintiff's factual allegations to be true.  *See Iqbal*, 556 U.S. at 679.  Here, however, plaintiff has not identified facts which would entitle him to relief.  "To establish a negligence claim under Nevada law, a plaintiff must show '(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages.'"  *Williams v. Univ. Med. Ctr. of So. Nevada*, 688 F. Supp. 2d 1134, 1144 (D. Nev. 2010) (quoting *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009)).  Plaintiff's conclusory statement and citation to "18 U.S.C.A. 1061 to 1800" are insufficient to raise a triable issue as to whether the Federal Government owed him a duty "to protect the mail system" or stop other purported civil rights violations by non-federal actors.  (*See* ECF No. 18 at 2.)  Accordingly, in addition to failing to establish subject matter jurisdiction over his claim, plaintiff has failed to state a claim upon which relief could be granted.

## IV.    CONCLUSION

"In general, a court should liberally allow a party to amend its pleading."  *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  However, dismissal without leave to amend is proper if amendment would be futile.  *Id.*  Because the jurisdictional deficiencies discussed herein cannot be cured, the court recommends that plaintiff's claim, as asserted under the FTCA, be dismissed without leave to amend.  With respect to the United States, dismissal without prejudice to refiling a new FTCA action following administrative exhaustion is appropriate.  However, as DOJ and the FBI are not proper defendants under the FTCA, plaintiff's claim against those agencies should be dismissed with prejudice.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,  the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate

Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.      RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Federal Government's motion to dismiss (ECF No. 15) be **GRANTED,** and the United States, DOJ, and the FBI be dismissed as defendants from this action;

**IT IS FURTHER RECOMMENDED** that plaintiff's FTCA claim be **DISMISSED with prejudice** and **without leave to amend** as asserted against DOJ and the FBI;

**IT IS FURTHER RECOMMENDED** that plaintiff's FTCA claim be **DISMISSED without prejudice** and **without leave to amend** as asserted against the United States.

**DATED**:  June 15, 2016.

**UNITED STATES MAGISTRATE JUDGE**

7