

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FELTON L. MATTHEWS, JR., | 3:16-cv-00077-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court are a motion for preliminary or permanent injunctive relief (ECF No. 4) and a motion for partial summary judgment (ECF No. 21), both filed by Felton Matthews ("plaintiff"). For the reasons described below, the court recommends that the motions be dismissed without prejudice, with leave to refile.

**I. FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), currently housed at Ely State Prison ("ESP") in Ely, Nevada. On December 1, 2015, plaintiff filed a civil complaint in the Eleventh Judicial District Court for Pershing County, Nevada, against various local, state, and federal actors. (*See* ECF No. 2-1.) On February 16, 2016, the matter was removed to federal court by defendants the United States, the U.S. Department of Justice, the U.S. Federal Bureau of Investigation (collectively, the "Federal Government"). Plaintiff moved for injunctive relief soon thereafter, on February 24, 2014. (ECF. No. 4.) The Federal Government opposed (ECF No. 10), and defendant replied (ECF No. 12).

On April 18, 2016, the Federal Government moved to dismiss the claims against it. (ECF No. 15.) Plaintiff opposed (ECF No. 18), and the Federal Government replied (ECF No. 19).

1  Plaintiff also moved for partial summary judgment (ECF No. 21), and filed an application for
2  leave from this court to proceed *in forma pauperis* (ECF No. 25).
3     On June 15, 2016 the court issued a report and recommendation to address the Federal
4  Government's motion to dismiss, therein concluding that dismissal of the claims against the
5  Federal Government was warranted. (ECF No. 31.) In a separate order and pursuant to 28 U.S.C.
6  § 1915A, the court screened and dismissed the remainder of plaintiff's complaint, without
7  prejudice and with leave to amend. (ECF No. 32.) A first amended complaint, should plaintiff
8  choose to file one, is due by July 16, 2016. (*Id.*)

## II. DISCUSSION

### A. Motion for Injunctive Relief

11    Courts may grant preliminary injunctive relief pursuant to Federal Rule of Civil Procedure
12 65. However, such remedies are "extraordinary and drastic . . . [and] never awarded as of
13 right[.]" *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted). When
14 seeking a preliminary injunction, the plaintiff must make several showings: (1) he is likely to
15 succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive
16 relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest. *Winter
17 v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, courts are to apply a
18 "'sliding scale approach'" in evaluating a motion, "such that 'serious questions going to the
19 merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a
20 preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable
21 injury and that the injunction is in the public interest.'" *Arc of Cal. v. Douglas*, 757 F.3d 975,
22 983 (9th Cir. 2014) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir.
23 2011)). The standard for a permanent injunction is substantially the same. *Quiroga v. Chen*, 735
24 F. Supp. 2d 1226, 1229 (D. Nev. 2010).
25    Other considerations may apply to injunctive relief within the prison context. First, a
26 more stringent standard applies where a party seeks affirmative relief. Ordinarily, preliminary
27 injunctive relief aims to preserve the status quo pending a determination of the case on the merits.
28

*Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, mandatory preliminary relief is only warranted where both the facts and the law clearly favor the moving party and "extreme or very serious damage will result." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 2009) (internal quotation omitted). Second, the Prison Litigation Reform Act ("PLRA") provides that, with regard to prison conditions,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Therefore, the PLRA "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

Finally, in addition to the requirements described above, the Supreme Court has observed that a preliminary injunction motion must seek relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, a court may not enjoin conduct relating to "a matter lying wholly outside the issues in the suit." *Id.* In the same vein, the Ninth Circuit recently ruled that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a sufficient "relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

The court recommends that plaintiff's motion for preliminary relief be dismissed. First, plaintiff he has not shown he is likely to succeed on the merits. The motion acknowledges the

requirement, but rather than articulating the legal standards or reasons for which plaintiff's claims will prevail, it simply repeats the conclusory statements and bare allegations put forth in the complaint. (*See* ECF No. 4 at 1–8.) In this court's report and recommendation dismissing the Federal Government, and in its screening order addressing the remainder of plaintiff's claims, the court concluded that the complaint did not state a claim upon which relief could be granted against any of the defendants to this action. (ECF No. 31 at 3–6; ECF No. 32 at 3–9.) Plaintiff's motion, therefore, also fails to meet the higher bar of demonstrating a probable success on his underlying claims.

Second, in light of the court's recommendation and screening order, plaintiff's motion is moot. "The jurisdiction of federal courts depends on the existence of a 'case or controversy' under Article III of the Constitution." *M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 857 (9th Cir. 2014) (internal quotation omitted). "No justiciable controversy is presented where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint." *Id.* Here, the court's order and recommendation of dismissal of all claims raised in plaintiff's complaint has mooted his motion for injunctive relief. *See Doe v. Fed. Dist. Ct.*, 467 Fed. App'x 725 (9th Cir. 2001) (where plaintiff's claims had been dismissed, district court did not abuse discretion in denying preliminary injunction motion as moot).

**B.  Motion for Partial Summary Judgment**

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* At this stage, the court's role is

to verify whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (internal citations omitted). Mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Although difficult to discern, plaintiff's motion for partial summary judgment requests that this court issue judgment against Judge Gary Fairman and his court clerks, as well as order various forms of injunctive relief. (ECF No. 21.) The court recommends that the motion be denied without prejudice to refiling. As a preliminary matter, plaintiff's request for summary judgment prior to service of and appearance by the defendants was premature. *See Tagle v.*

*NDOC*, No. 2:15-cv-00623-APG-GWF, 2015 WL 10635305, at *2 (D. Nev. Oct. 6, 2015); *Craig v. Hernandez*, No. 1:05-cv-01579-AWI-GSA-PC, 2008 WL 4218724, at *1 (E.D. Cal. Sept. 15, 2008). More importantly, however, the court determined in its screening order that the judicial and quasi-judicial defendants named in plaintiff's complaint were immune from suit. (ECF No. 4–5.) Because there are no pending claims against Judge Fairman or any court clerks, plaintiff's motion for summary judgment is moot.

### III.   CONCLUSION

For the foregoing reasons, the court recommends that plaintiff's motions for an injunction and for partial summary judgment be dismissed without prejudice. Plaintiff may file a new motion for injunctive relief or summary judgment upon filing an amended complaint, should he choose to do so. The court counsels plaintiff to bear in mind the standards articulated above in any future fillings. Further, plaintiff is advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary or permanent injunctive relief (ECF No. 4) and motion for partial summary judgment (ECF No. 21) be **DISMISSED.**

DATED: June 24, 2015

_____
UNITED STATES MAGISTRATE JUDGE