# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FELTON L. MATTHEWS, JR., | 3:16-cv-00077-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| UNITED STATES OF AMERICA, *et al.,* | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and L RIB 1-4. Before the court is Felton L. Matthews, Jr.'s ("plaintiff") Motion for Leave to File an Amended Complaint (ECF No. 57-1). For the reasons discussed below, the court recommends that the amended complaint be dismissed without prejudice and without leave to amend.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). On December 1, 2015, plaintiff filed a civil complaint against local, state, and federal actors in Nevada state court, alleging violations of his civil rights and Nevada's anti-racketeering statutes. (*See* ECF No. 2-1.) The matter was promptly removed and on April 18, 2016, the Federal Government filed its motion to dismiss. (ECF Nos. 1, 15.) On June 15, 2016, the court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed all claims against the State defendants because certain defendants were immune from suit, plaintiff failed to state a claim, and he lacked standing. (ECF No. 32.) Plaintiff was given leave to amend the complaint to rectify, if possible, these deficiencies. (*See id.*) On September 26, 2016, the District Court granted the Federal Government's motion to dismiss with prejudice. (ECF No. 60.)

On August 19, 2016, plaintiff filed a Motion for Leave to Supplement Original Complaint, but did not include a copy of his proposed amended complaint. (ECF No. 48.) On September 21,

2016, plaintiff filed a Motion for Leave to File an Amended Complaint, with the proposed amended complaint attached. (ECF Nos. 57, 57-1.)

## II.   LEGAL STANDARD

Applications to proceed *in forma pauperis* by *pro se* plaintiffs are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard when reviewing the adequacy of a complaint under § 1915. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

Upon review, the complaint is construed in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* plaintiff, as a more forgiving standard applies to litigants not represented by counsel. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). In addition, a *pro se* plaintiff must be given notice of the deficiencies of his or her complaint, and leave to amend, unless the opportunity to amend would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on untenable legal conclusions (e.g., claims

against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist) or fanciful factual allegations (e.g., fantastic or delusional scenarios).

### III.   DISCUSSION

Plaintiff's amended complaint utterly fails to correct the defects identified in this court's prior screening order. First, plaintiff's claims for monetary damages against judges, court clerks, and prosecutors are barred, as these defendants are entitled to immunity from civil liability. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities"); *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks enjoy absolute quasi-judicial immunity "when they perform tasks that are an integral part of the judicial process"); *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976) (absolute immunity protects those activities undertaken by a prosecutor in his or her function as an advocate that are "intimately associated with the judicial phase of the process").

Second, the amended complaint does not adequately allege that NDOC officials intentionally interfered with his access to courts. *See Jackson v. Procunier*, 789 F.2d 307, 311–12 (5th Cir. 1986). To prevail on such a claim, a plaintiff must demonstrate that the interference was done intentionally and with an improper motive, *see Smith v. Maschner*, 889 F.2d 940, 944 (10th Cir. 1990), and that a "nonfrivolous" underlying claim was frustrated or impeded as a result, *Lewis v. Casey*, 518 U.S. 343, 354–55 (1996). Here, as in his original complaint, plaintiff merely alleges that defendants worked in the prison mail room or were otherwise involved in the processing of his legal filings. He has not described the specific pieces of mail that were tampered with, when or how often the tampering occurred, or which specific court filings were affected. Beyond job titles, plaintiff has not linked the named defendants to the actions alleged, or provided facts to suggest the actions were intentional. And finally, beyond conclusory assertions, plaintiff offers no facts to support the inference that mail tampering adversely affected a nonfrivolous legal claim. His allegations, in sum, are too speculative to state a cognizable claim that his right to due process was infringed upon. Because plaintiff fails to allege a violation of his civil rights, his conspiracy claims also fail. As with plaintiff's original complaint, the amended

complaint contains legal conclusions, but no facts to support the claim of a conspiracy, as such these claims must also be dismissed.

Finally, the amended complaint includes new claims that are not based on the original complaint. Specifically, plaintiff alleges that: (1) he is being denied protective segregation and is forced to cell with other inmates in violation of his Eighth Amendment right against cruel and unusual punishment; (2) various NDOC officials have filed false notices of charges against him; and (3) various officials and persons retaliated against him for filing a lawsuit against Judge Fairman. (*See* ECF No. 57-1.) The Federal Rules of Civil Procedure do not allow a litigant to raise unrelated claims involving different defendants in a single action. *See* Fed. R. Civ. P. 18(a) and 20(a). "[U]nrelated claims that involve different defendants must be brought in separate lawsuits." Bryant v. Romero, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). One of the purposes of this rule is to ensure that prisoners pay the required filing fees for their lawsuits and to prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

### IV.   CONCLUSION

Although the court construes plaintiff's complaint liberally, even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122. F.3d 1251, 1257 (9th Cir. 1997). For all the foregoing reasons, plaintiff has failed to state a colorable § 1983 claim against any of the named defendants, and the amended complaint must be dismissed. While mindful that *pro se* litigants are generally entitled to notice of the deficiencies in the complaint and an opportunity to amend, *Cato*, 70 F.3d at 1106, the court concludes that further leave to amend would be futile in this case. Plaintiff was previously advised of the applicable legal standards and granted the opportunity to cure the defects discussed above. (*See* ECF No. 32.) Plaintiff was either unable or unwilling to do so. Therefore, plaintiff's amended complaint and this action should be dismissed without leave to amend. *See, e.g.*, *Frank v. City of Henderson*, 2015 WL 5562582, at *5 (D. Nev. Sept. 21, 2015) (finding further leave to amend futile where plaintiffs amended complaint and again

4

failed to allege sufficient facts to support § 1983 claim); *Piovo v. Stone*, No. 2:13–cv–01922–APG–GWF, 2015 WL 1014344, at *3 (D. Nev. March 9, 2015) (dismissing without leave to amend where plaintiff failed "to adequately allege a federal claim despite being given three opportunities to do so").

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to file amended complaint (ECF No 57) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the amended complaint be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that all pending motions (ECF Nos. 11, 25, 38, 46, 48, 49, 54, 55, 58, 59, 69, 73) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: January 3, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**