UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| FELTON L. MATTHEWS, JR., | Case No. 3:16-cv-00077-MMD-VPC |
|---|---|
| Plaintiff, | ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |
| v. | |
| UNITED STATES OF AMERICA, *et. al.,* | |
| Defendants. | |

**I.   SUMMARY**

This case involves allegations of a widespread and ongoing conspiracy to interfere with Plaintiff Felton L. Matthews Jr.'s mail in order to frustrate access to the courts. Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 74) ("R&R") relating to Plaintiff's Motion to File Amended Complaint. (ECF No. 57.) The Court has reviewed Plaintiff's objection (ECF No. 75) and Defendants' response (ECF No. 78). Plaintiff also filed a motion for leave to file an attached motion to correct the record (ECF No. 80) to respond to Defendants' objection. The Court construes Plaintiff's motion (ECF No. 80) as a request to file a reply in support of his objection and will grant his motion.

For the reasons discussed below, the Court adopts the Magistrate Judge's R&R in full.

**II.   BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Ely State Prison ("ESP"). The events giving rise to this action occurred while Plaintiff was held at various correctional facilities. Plaintiff

filed his complaint in the Eleventh Judicial District Court for Pershing County, Nevada, asserting claims against various federal, state and local actors. (ECF No. 2-1.) The Court screened the complaint pursuant to 28U.S.C. § 1915A and dismissed all of the claims against state defendants but granted Matthews leave to file an amended complaint. (ECF No. 32.) The Court dismissed claims against the Federal defendants with prejudice on September 26, 2016. (ECF No. 60.)

Matthews filed a Motion for Leave to Supplement Original Complaint on August 19, 2016, but did not include a copy of any proposed amended complaint. (ECF No. 48.) On September 21, 2016, he filed a Motion for Leave to File an Amended Complaint and attached a proposed complaint ("Amended Complaint"). (ECF Nos. 57, 57-1.)

The Magistrate Judge screened the Amended Complaint and concluded that Matthews failed to correct the problems with his original complaint. The Magistrate Judge recommended that the Court grant Matthews' Motion for Leave to File an Amended Complaint and then dismiss the Amended Complaint without prejudice and without leave to amend. (ECF No. 74 at 5.)

### III.  LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiffs' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's recommendation. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by

the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

## IV.   DISCUSSION

As part of the initial screening order, the Magistrate Judge determined that Matthews' claims against the state and local defendants were barred by the doctrines of judicial immunity, quasi-judicial immunity, and prosecutorial immunity. (ECF No. 32 at 3-5.) The Magistrate Judge further concluded that Matthews lacked standing to bring a claim based on Nevada's RICO Act, and that even if he did have standing he did not plead the claim with the requisite specificity. (*Id.* at 5-6.) Lastly, the Magistrate Judge determined that Matthews' claim based on the due process clause of the Nevada Constitution relied on vague and conclusory statements, and was therefore also deficient. (*Id.* at 7-8.) After reviewing Matthews' proposed Amended Complaint, the Magistrate Judge concluded that it failed to correct any of the problems listed above. (ECF No. 74 at 3.)

As an initial matter, the primary problem with the Amended Complaint is that it, like the original complaint, takes a shotgun approach to pleading. It contains at least 30 named and unnamed defendants, references to past and ongoing criminal and civil proceedings, legal argument, rhetorical questions, and a cautionary note. As Matthews (who acknowledges in the Amended Complaint that he has had several actions dismissed for being frivolous or failing to state a claim) is likely aware, a properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007). In her screening order, the Magistrate Judge cautioned Matthews that his complaint was "difficult to parse." (ECF No. 32 at 2.) The Amended Complaint is no clearer.

Matthews argues that in reviewing his Amended Complaint the Magistrate Judge incorrectly applied the applicable law. First, Matthews argues that under *Pullman v. Allen*, 466 U.S. 522 (1984), his claims against "unknown judges" should proceed because judges are not immune from declaratory and injunctive relief. (ECF No. 75 at 1-2.) Matthews is correct about this point of law, but his Amended Complaint remains deficient with respect to the judicial defendants. His claims against judges are based on the lengths of time various courts have taken to rule on his filings, the ultimate decisions of those courts, and the judges' alleged knowledge of the "NDOC civil rights conspiracy." (ECF No. 57-1 at 6, 8-11.) It is unclear which decisions and delays Matthews believes correspond to each of his legal theories. In any event, the Magistrate Judge is correct that his allegations, to the extent that they are not conclusory or barred by immunity doctrines, still fail adequately to allege a conspiracy or any other plausible claim.

Matthews next argues that his claims related to defendants who have handled his legal mail are properly plead and that he can provide more specific information about these defendants if granted leave to amend. (ECF No. 75 at 3.) He further argues that the allegations against various clerks are supported and explained by filings he has made in state court, and references various documents as being "in the record" without citing to them or otherwise describing them. (*Id.* at 2-4.) The Court agrees with the Magistrate Judge's characterization of these claims as confusing, conclusory, and speculative. (ECF No. 75 at 3.) Furthermore, Matthews does not explain what new information he can provide if granted leave to amend, nor why he has only decided to provide new information a year after filing his original complaint, and only after the Magistrate Judge deemed his Amended Complaint deficient.

///

///

Lastly, the Court also agrees the additional unrelated claims involving new defendants and causes of action were improperly added to the Amended Complaint and should be disregarded.

**V.  CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 75) be accepted and adopted in full.

It is ordered that plaintiff's motion to file amended complaint (ECF No. 57) is granted. Plaintiff's motion for leave to file judicial notice (ECF No. 77) is denied.  Plaintiff appears to offer additional information to supplement his proposed amended complaint, but he cannot seek to supplement his amended complaint nor does the information address the deficiencies that the Court has identified.

It is further ordered that the amended complaint be dismissed without prejudice and without leave to amend.

It is further ordered that Plaintiff's motion to file reply in response to objection (ECF No. 80) is granted.

It is further ordered that all pending motions (ECF Nos. 11, 25, 38, 46, 48, 49, 54, 55, 58, 59, 69, 73) are denied as moot.

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 13th day of February 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE